IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DeMARCO MANTELL BIRCH,  )<br>  )<br>　Petitioner,　)<br>  )<br>v.　)<br>  )<br>JAMES A. YATES, Warden,　)<br>  )<br>　Respondent.　) | Case No. CIV-19-313-F |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. *See* Doc. 1. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). *See* Doc. 5.

Under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has promptly examined the petition and, for the following reasons, recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma.

I.　Analysis.

The jurisdiction of Federal courts to grant writs of habeas corpus is governed by 28 U.S.C. § 2241(a):

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions*. The order of a circuit judge shall be

> entered in the records of the district court of the district wherein the restraint complained of is had.

(emphasis added). 28 U.S.C. § 2241(d) creates a narrow exception to this rule for § 2254 habeas actions challenging a state court conviction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Here, Petitioner challenges his conviction in the District Court of Washington County, Case No. CF-2013-0131. *See* Doc. 1, at 1-2. Washington County is located within the territorial jurisdiction of the Northern District of Oklahoma. *See* 28 U.S.C. § 116(a). Petitioner is, however, currently confined in Hughes County's Davis Correctional Facility, *see* Doc. 1, at 1, which is located within the territorial jurisdiction of the Eastern District of Oklahoma.[1]

---

[1] The undersigned judicially notices the location of Holdenville, Oklahoma. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

2

*See* 28 U.S.C. § 116(b). Because neither the place of conviction nor the place of confinement is located within the territorial confines of the Western District of Oklahoma, *see* 28 U.S.C. § 116(c), this court lacks jurisdiction to issue a writ of habeas corpus.

Accordingly, § 2241(d) does not authorize transfer of this case, because this court does not have "concurrent jurisdiction" over this case. The statute governing transfers "to cure want of jurisdiction," however, does apply:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

Under these circumstances, the undersigned finds that transfer of this case to the United States District Court for the Northern District of Oklahoma would best serve the interests of justice. It has been the experience of the federal district courts in Oklahoma that justice is normally better served by the adjudication of the case in the district where the conviction was obtained, since that is where the trial court officials and records are located. Moreover,

in the event of any hearing, trial counsel for the prosecution and for Petitioner as well as any necessary witnesses are more likely to be available in the district where the conviction was obtained. For these reasons, the federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction. Therefore, transfer to the Northern District of Oklahoma—rather than the Eastern—is recommended.

And although this Court has the authority to transfer this action to the appropriate court, it should do so only if transfer would serve the interests of justice. "'[A] court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed.'" *Portley-El v. Figueroa,* 373 F. App'x 883, 885 (10th Cir. 2010) (quoting *Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000)). Based on such review, the undersigned notes that issues of timeliness and preclusion pursuant to *Stone v. Powell,* 428 U.S. 465 (1976), potentially attach to certain of Petitioner's claims. However, because it is not clear from the face of the petition whether this is the case, or whether Petitioner would be entitled to statutory or equitable tolling or other applicable exceptions, the undersigned finds the interests of justice are best served by transfer of the case to the Northern District of Oklahoma for further proceedings.

II. **Recommendation and notice of right to object.**

Based on these considerations, the undersigned recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma for all further proceedings, including the disposition of Petitioner's outstanding motions, Docs. 2, 3.

The undersigned advises Petitioner that he may file an objection to this Report and Recommendation with the Clerk of Court by May 7, 2019. The undersigned further advises Petitioner that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F. 2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 16th day of April, 2019.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE